JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY PIERCE HENDERSON,<br><br>Petitioner,<br><br>v.<br><br>ALEJANDRO VILLANUEVA,<br><br>Respondent. | Case No. CV 21-00170-PA (JEM)<br><br>ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY |

On January 6, 2021, Jeffrey Pierce Henderson ("Petitioner"), proceeding pro se, filed a petition for writ of habeas corpus ("Petition" or "Pet.") pursuant to 28 U.S.C. § 2254

## **BACKGROUND**

Petitioner alleges the following:

In Los Angeles County Superior Court case number OWC00769, Petitioner was charged with one count of indecent exposure (Cal. Penal Code § 314(1)), two counts of resisting arrest (Cal. Penal Code § 148(a)(1)), and one count of failure to appear (Cal. Penal Code § 853.7). (Pet. at 2.) Petitioner has not yet been convicted, and these charges are still pending. (Id.)

On October 27, 2020, the trial court found that Petitioner had failed to appear on four prior occasions and ordered that he be taken into custody. (Id. at 5-6.) Petitioner ultimately was released on bond from the Los Angeles County Jail on November 6, 2020. (Id. at 2.)

## PETITIONER'S CLAIMS

Petitioner asserts the following claims:

1. The trial court terminated Petitioner's self-representation in violation of the Sixth and Fourteenth Amendments;

2. Respondent denied Petitioner access to the court, which caused his failure to appear, in violation of the Fifth and Fourteenth Amendments;

3. The trial court denied Petitioner a fair trial by allowing the prosecutor to sign the complaint, in violation of the Sixth and Fourteenth Amendments;

4. The trial court denied Petitioner's motion to compel disclosure of exculpatory evidence in violation of the Fifth and Fourteenth Amendments; and

5. The court-appointed investigator failed to appear in court and failed to provide Petitioner with exculpatory evidence, in violation of the Sixth and Fourteenth Amendments.

(Pet. at 5-6.)

## DISCUSSION

### I. DUTY TO SCREEN

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts mandates the summary dismissal of a Section 2254 petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, 28 U.S.C. foll. § 2254. For the reasons set forth below, the Petition should be summarily dismissed.

### II. THE PETITION SHOULD BE DISMISSED WITHOUT PREJUDICE

It is clear on the face of the Petition that the underlying criminal proceedings against Petitioner are still pending in the Los Angeles County Superior Court. (Pet. at 2, 5-6.) Pursuant to Rule 201 of the Federal Rules of Evidence, the Court takes judicial notice of the

electronically available dockets for the California Court of Appeal and the California Supreme Court. These dockets reveal that Petitioner has not brought any proceeding in either the California Court of Appeal or the California Supreme Court pertaining to the underlying criminal case.[1] Accordingly, for the reasons set forth below, the Petition should be dismissed without prejudice.

### A. The Court Should Abstain From Adjudicating the Petition

The Court should abstain from considering Petitioner's claims pursuant to Younger v. Harris, 401 U.S. 37 (1971), which establishes that under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctions or declaratory relief absent extraordinary circumstances. Id. at 44; see also Middlesex County Ethics Comm'n v. Garden State Bar Ass'n, 457 U.S. 423, 431 (1982). The Younger abstention doctrine also applies to claims raised in federal habeas corpus proceedings. Edelbacher v. Calderon, 160 F.3d 582, 587 (9th Cir. 1998); Carden v. State of Montana, 626 F.2d 82, 83-85 (9th Cir. 1980).

Abstention in favor of state judicial proceedings is required if the proceedings are ongoing, implicate important state interests, and afford an adequate opportunity to raise federal questions, and if the federal relief sought would interfere in some manner with the state court litigation. Middlesex County Ethics Comm'n, 457 U.S. at 432; see also Green v. City of Tucson, 255 F.3d 1086, 1094 (9th Cir. 2001) (en banc). Nevertheless, the federal courts will not abstain if the movant can establish that the state proceedings are being undertaken in bad faith or for purposes of harassment or that some other "extraordinary circumstances" exist, such as proceedings pursuant to a "flagrantly" unconstitutional statute. Younger, 401 U.S. at 49, 53-54.

Here, all the prerequisites to the application of Younger abstention have been met. First, Petitioner is currently the subject of a criminal proceeding in state court, which is ongoing and has not reached final adjudication. H.C. v. Koppel, 203 F.3d 610, 613 (9th Cir.

---

[1] See http://appellatecases.courtinfo.ca.gov.

3

2000); Dubinka v. Judges of the Superior Court, 23 F.3d 218, 223 (9th Cir. 1994).  Second, the state undeniably has an important interest in protecting the public by the filing and prosecuting of criminal proceedings.  Seling v. Young, 531 U.S. 250, 262 (2001).  Third, the state court criminal proceedings afford an opportunity for Petitioner, who is the defendant, to raise constitutional claims, such as those raised in this case.  Finally, the remedy Petitioner seeks, a writ of habeas corpus, would clearly interfere with the ongoing state criminal proceeding, see Preiser v. Rodriguez, 411 U.S. 475, 484 (1973) ("[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from custody."), and there are no extraordinary circumstances warranting an exception to the Younger doctrine.

    Thus, Younger abstention applies, and the Petition should be dismissed without prejudice.

### B. The Petition Is Unexhausted and Premature

    Moreover, Petitioner is seeking federal court review of a state criminal proceeding before the California Court of Appeal has reviewed his conviction and sentence, and before he has exhausted his state court remedies.  Exhaustion of state court remedies is required before a federal court can grant habeas relief.  28 U.S.C. § 2254(b), (c); see also Rose v. Lundy, 455 U.S. 509, 518-19 (1982).  Thus, a petitioner must have appealed his conviction to the California Supreme Court and/or sought post-conviction habeas corpus relief from the California Supreme Court before his claim is ripe for federal habeas review.

    Both comity and the interest of judicial economy are served by affording the state courts "the first opportunity to examine the lawfulness of the state prisoner's confinement.  If the prisoner's claim is meritorious, and the state remedy is prompt and complete, there is no need to bring post-conviction proceedings in federal courts." Sherwood v. Tomkins, 716 F.2d 632, 633 (9th Cir. 1983) (internal quotation marks and citation omitted).  "Where a petitioner seeks pre-conviction habeas relief, this exhaustion prerequisite serves two purposes: (1) to avoid isolating state courts from federal constitutional issues by assuring those courts an ample opportunity to consider constitutional claims; and (2) to prevent

federal interference with state adjudication, especially state criminal trials." Carden, 626 F.2d at 83. Thus, habeas relief is generally not available to a petitioner whose underlying criminal case has not been completed. "[O]nly in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts." Id. at 83-4. As discussed above, no such unusual circumstances are present here.

Accordingly, the Petition also should be dismissed without prejudice because it is unexhausted and premature.

## CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2254 cases, the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

The Court has found that the Petition should be dismissed without prejudice. For the reasons stated above, the Court concludes that Petitioner has not made a substantial showing of the denial of a constitutional right, as is required to support the issuance of a certificate of appealability. See 28 U.S.C. § 2253(c)(2).

## ORDER

IT IS HEREBY ORDERED that: (1) the Petition is dismissed without prejudice; and (2) a certificate of appealability is denied.

IT IS SO ORDERED.

DATED: January 15, 2021

PERCY ANDERSON
UNITED STATES DISTRICT JUDGE

5